**UNITED STATES DISTRICT COURT**

**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| UCF I TRUST 1, LLC | CIVIL ACTION NO.: 3:16 CV-00156 (VAB) |
| PLAINTIFF, | |
| v. | |
| JOHN J. DIMENNA, JR., THOMAS L. KELLY, JR., AND WILLIAM A. MERRITT, JR. | MARCH 15, 2016 |
| DEFENDANTS. | |

## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO QUASH THE *SUBPOENAS DUCES TECUM*

### I. INTRODUCTION:

By the present motion, the Defendants, Thomas L. Kelly, Jr. ("Kelly") and William A. Merritt, Jr. ("Merritt") (collectively, "the Defendants"), move to quash the *subpoenas duces tecum* e-mailed to their attorneys on March 11, 2016. As set forth fully below, the Defendants move to quash the subpoenas on the grounds that: (1) the Court may not have subject matter jurisdiction over this action; (2) the subpoenas are an improper attempt to circumvent Fed. R. Civ. P. 34; (3) the subpoenas subject the Defendants to an undue burden; (4) the subpoenas fail to allow a reasonable time for the Defendants to comply; and (5) documents and correspondence responsive to the requests may be barred from disclosure by the attorney-client privilege and work product doctrine.[1] Furthermore, Kelly moves to quash the subpoena issued to him because it was

---

[1] Additionally, the subpoenas did not contain portions of Fed. R. Civ. P. 45(c), (d), (e), and (g) as required by Fed. R. Civ. P. 45(a)(1)(A)(iv).

improperly issued from the United States District Court for the Middle District of North Carolina in violation of Fed. R. Civ. P. 45(a)(2). Accordingly, the Defendants respectfully request that the Court enter an order quashing the subpoenas.

## II.   FACTS:

The Plaintiff, UCF I Trust 1, LLC ("UCF") commenced this action on February 2, 2016 by filing a Summons and Complaint with the United States District Court for the District of Connecticut. Document Entry No. 1. The Complaint asserts two causes of action against the Defendants and the defendant, John J. DiMenna, Jr. ("DiMenna"), for breach of contract and unjust enrichment related to the purported signing of two guarantees ("the Guarantees") by the Defendants and DiMenna, dated March 25, 2014. See Complaint. The Guarantees in question relate to loans purportedly taken out by two limited liability companies, Park Square West Member Associates, LLC ("PSWMA") and Seaboard Hotel Member Associates, LLC ("SHMA"). Complaint, ¶ 9. Merritt individually owns small membership interests in these limited liability companies, but Kelly does not.[2] At one point, each also owned a twenty-five percent interest in Seaboard Realty, LLC ("Seaboard Realty"), which in turn owned a twenty-five percent membership interest in both PSWMA and SHMA and acts as the managing member of PSWMA and SHMA.[3] DiMenna owns the remaining fifty percent interest in Seaboard Realty.

---

[2] Merritt owns about 0.04% of PSWMA and slightly more than one percent of SHMA. Kelly has a very small beneficial interest in TLK Seaboard Investments, LLC (0.24%), which owns slightly more than four percent of PSWMA. Through a Roth IRA, Pensco Trust Company, Kelly owns slightly more than 3.5% of SHMA.

[3] Kelly's twenty-five percent beneficial interest in Seaboard Realty was transferred to TLK Partners, LLC on December 6, 2011, but he retained his voting rights.

On February 2, 2016, UCF filed an application for a prejudgment remedy seeking to attach the assets of the Defendants and DiMenna in an amount in excess of $21 million. Document Entry No. 8. Undersigned counsel entered their appearances for the Defendants on February 18, 2016. Document Entry Nos. 15 and 17. The Court initially scheduled a hearing on UCF's application for February 23, 2016, but the hearing was continued until March 28, 2016. Document Entry Nos. 13 and 27.

On March 11, 2016, counsel for UCF sent the undersigned an e-mail with copies of two *subpoenas duces tecum* under Fed. R. Civ. P. 45 for the Defendants. Ex. A. These subpoenas, upon information and belief, have yet to be served on the Defendants. The subpoena for Merritt was issued from the United States District Court for the District of Connecticut, while the subpoena for Kelly was issued from the United States District Court for the Middle District of North Carolina. Each of the subpoenas commands the production of the following documents:

1. All documents concerning the payment, transfer, distribution and/or any other remittance from any of the Seaboard Companies[4] to Kelly from January 1, 2012 to the date of the filing of the Bankruptcy Case[5].

2. All documents concerning the payment, transfer distribution and/or any other remittance from any of the Seaboard Companies to Merritt from January 1, 2012 to the date of the filing of the Bankruptcy Case.

3. All documents and/or communications between and among Kelly, Merritt, any of the Seaboard Companies and/or John Dimenna [sic], Jr. concerning borrowing or lending concerning the Seaboard Companies from January 1, 2012 to the date of the filing of the Bankruptcy Case.

---

[4] The term "Seaboard Companies" is defined as "Seaboard Realty, LLC as well as all of its affiliates, subsidiaries, and related companies, including but not limited to all of the entities that have filed for bankruptcy in the Bankruptcy Case."

[5] The term "Bankruptcy Case" is defined as "the jointly administered bankruptcy case now pending in the United States Bankruptcy Court for the District of Delaware styled: Newbury Common Associates, Inc., Case No. 15-12507 (LSS)."

4. All documents and/or communications between and among Kelly, Merritt, any of the Seaboard Companies and/or John Dimenna [sic], Jr. concerning borrowing or lending decision made by any of the Seaboard Entities from January 1, 2012 to the date of the filing of the Bankruptcy Case.

5. All board of managers, board of directors and/or any official writings concerning meetings conducted between and/or among Kelly, Merritt and/or John Dimenna [sic], Jr. from January 1, 2012 to the date of the filing of the Bankruptcy Case.

6. Documents and communications between and among Kelly, Merritt and/or John Dimenna [sic], Jr. concerning the financial status of Seaboard from January 1, 2012 to the date of the filing of the bankruptcy case.

7. 10 writing samples of Kelly's signature for the 6 months preceding March 25, 2014.

8. 10 writing samples of Kelly's signature for the six months following March 25, 2014.

9. 10 writing samples of Merritt's signature for the 6 months preceding March 25, 2014.

10. 10 writing samples of Merritt's signature for the 6 months following March 25, 2014.

11. Any documents that Kelly and/or Merritt intend to offer as exhibits at the prejudgment remedy hearing scheduled for March 28, 2016 in this matter.[6] Ex. A.

### III. LAW AND ARGUMENT:

#### A. The Court Should Quash the Subpoenas Sent to the Defendants' Attorney

##### i. The Court May Not Have Subject Matter Jurisdiction Over This Action

The Defendants believe that the Court may not have subject matter jurisdiction over this action due to a potential lack of diversity of citizenship between the parties. The Defendants are citizens of Connecticut and North Carolina. UCF has alleged that it

---

[6] The Defendants have no objection to providing UCF with the exhibits it intends to offer at the prejudgment remedy hearing. Counsel for the Defendants has advised counsel for UCF that it is willing to produce said documents one week prior to the hearing, or by March 21, 2016.

4

is a limited liability company. "A limited liability company is a citizen of every state of citizenship of any of its members." Marks Group, LLC v. Schiciano, No. 3:10-cv-1898 (CSH), 2011 U.S. Dist. LEXIS 149034, *6 (D. Conn. Dec. 28, 2011) (citing Carden v. Arkoma Assocs., 494 U.S. 185, 195 (1990)). Upon request, UCF provided the Defendants with a chart showing its organization, and indicating that its sole member was UC Funding I, L.P. Ex. B. Similar to a limited liability company, a limited partnership takes the citizenship of each of its members. Fashion Outlets at Foxwoods, LLC v. Foxwoods Fashion Outlets, LLC, No. 3:15-cv-01483 (CSH), 2015 U.S. Dist. LEXIS 143250, *5 (D. Conn. Oct. 20, 2015) (citing Carden, 494 U.S. at 190). UCF's chart lists a total of three limited liability companies who are members of UC Funding I, L.P., and indicates that there are other limited liability companies and "foreign entities" which are members of these limited liability companies, but does not indicate the citizenship of the members of any of these limited liability companies or "foreign entities." The Court must therefore determine whether it has subject matter jurisdiction before it can determine the merits of this dispute, because if the Court does not have subject matter jurisdiction, the action must be dismissed.

### ii. The Subpoenas were Improperly Sent in an Attempt to Circumvent Fed. R. Civ. P. 34

UCF's action in sending these subpoenas to counsel, commanding the production of documents in seven calendar days (five business days) from service on defense counsel, is an attempt to circumvent Fed. R. Civ. P. 34, and as such, should not be allowed. Fed. R. Civ. P. 45(a)(1)(C) provides that a party may serve a subpoena commanding the production of documents. Fed. R. Civ. P. 34(a) provides, in pertinent part, as follows: "A party may serve on any other party a request within the scope of

5

Rule 26(b): (1) to produce and permit the requesting party or its representative to inspect [or] copy . . . items in the responding party's possession, custody, or control." The District Court of Connecticut does not appear to have directly considered whether a party can issue a subpoena to another party pursuant to Fed. R. Civ. P. 45 to obtain discovery that it could have otherwise obtained via a request for production in accordance with Fed. R. Civ. P. 34. See Cris v. Ferrari, No. 3:10-cv-1926 (RNC), 2011 U.S. Dist. LEXIS 108362, *6 (D. Conn. Sept. 22, 2011) (assumed that Rule 45 did not prohibit the issuance of a subpoena upon a party, but noted that the issue was not briefed and quashed the subpoena on other grounds).

Fed. R. Civ. P. 34(c) provides that "[a]s provided in Rule 45, a nonparty may be compelled to produce documents and tangible things." Many courts have found that the issuance of a subpoena commanding document production from a party under Fed. R. Civ. P. 45, instead of through a request for production as provided in Fed. R. Civ. P. 34, is improper. See e.g. Alper v. United States, 190 F.R.D. 281, 283 (D. Mass. 2000) ("[I]t is apparent that discovery of documents from a party, as distinct from a non-party, is not accomplished pursuant to Rule 45"); Hasbro, Inc. v. Serafino, 168 F.R.D. 99, 100 (D. Mass. 1996) (same); Marti v. Baires, No. 1:08-cv-00653 (AWI) (SKO), 2012 U.S. Dist. LEXIS 77962, *68 (E.D. Cal. Jun. 5, 2012) (denying as premature a motion for issuance of a subpoena on a party because "Rule 34 is the proper vehicle by which to gain an inspection" to the extent that the item is in the party's custody, possession or control, while "a subpoena duces tecum under Rule 45 would be issued to obtain documents or tangible things from a non-party"); Powell v. United States, No. 09-1873 SECTION: R(2), 2009 U.S. Dist. LEXIS 123350 (E.D. La. Dec. 22, 2009) (denying motion for

6

issuance of a subpoena to a *pro se* plaintiff for service on the defendant as procedurally improper); and Slama v. Madera, No. 1:08-cv-00810 (AWI) (SKO), 2011 U.S. Dist. LEXIS 140477, *5 (E.D. Cal. Dec. 7, 2011) ("Subpoenas are not the proper method by which to seek information from an opposing party").

This case has only just begun. There has been no report filed pursuant to Fed. R. Civ. P. 26(f). There has been no request for documents pursuant to Fed. R. Civ. P. 34. It is inappropriate to attempt to circumvent normal and customary discovery procedures with the mailing of a subpoena for documents with seven days notice on opposing parties. "[S]ubpoenas under Rule 45 are clearly not meant to provide an end-run around the regular discovery process under Rules 26 and 34." Burns v. Bank of Am., No. 03 Civ. 1685 (RMB), 2007 U.S. Dist. LEXIS 40037, *45 (S.D.N.Y. Jun. 4, 2007). See also Thomas v. IEM, Inc., No. 06-886-B-M2, 2008 U.S. Dist. LEXIS 19186 (M.D. La. Mar. 12, 2008) (denying a motion to compel based on a subpoena issued pursuant to Fed. R. Civ. P. 45 to avoid upcoming discovery deadline). Additionally, Fed. R. Civ. P. 26(b)(2)(C) requires the court, on motion or on its own, to "limit the frequency or extent of discovery otherwise allowed by these rules . . . if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive[.]"

Here, UCF is attempting a clear end-run around Fed. R. Civ. P. 34, which provides that requests for production to parties are due thirty days from service, in order to obtain the requested documents from the Defendants in less time. While UCF is likely to claim that it needs the requested documents to prepare for the prejudgment remedy hearing on March 28, 2016, it was improper to attempt to subpoena the

7

documents from the Defendants with seven days notice.  Such an action should not be permitted by this Court, and therefore, the Defendants respectfully request that the Court quash UCF's subpoenas.

### iii. The Subpoenas Place an Undue Burden on the Defendants to Respond

Fed. R. Civ. P. 45(d)(3)(A) requires the court to "quash . . . a subpoena that . . . (iv) subjects a person to undue burden."  "Whether a subpoena imposes an 'undue burden' depends on 'such factors as relevance, the need of the party for the documents, the breadth of the document request, the time period covered by it, the particularity with which the documents are described and the burden imposed.'"  Jackson v. AFSCME Local 196, 246 F.R.D. 410, 412 (D. Conn. 2007) (quoting United States v. Int'l Bus. Mach. Corp., 83 F.R.D. 97, 104 (S.D.N.Y. 1979)).

Pursuant to Fed. R. Civ. P. 45(d)(2)(B), the Defendants have served objections to the requests for production contained in the subpoenas to UCF.  A copy of those objections are attached hereto and incorporated by reference herein.  Ex. C.  For the reasons set forth in the objection, UCF's subpoenas create an undue burden on the Defendants, and their Motion to Quash should respectfully be granted.

### iv. The Subpoenas Fail to Allow a Reasonable Time for Compliance

Fed. R. Civ. P. 45(d)(3)(A) provides that "[o]n timely motion, the issuing court must quash a subpoena that: (i) fails to allow a reasonable time to comply."  Neither the Federal Rules of Civil Procedure nor case law has defined what constitutes a "reasonable time;" however, many courts have held that fourteen days is presumptively reasonable.  Cris, 2011 U.S. Dist. LEXIS 108362 at *6 (quashing subpoena on the grounds that subpoena requiring compliance within two days of issuance did not provide

a reasonably time to comply); see also In re Rule 45 Subpoena Issued to Cablevision Sys. Corp., No. Misc 08-347 (ARR) (MDG), 2010 U.S. Dist. LEXIS 40653, *18 (E.D.N.Y. Feb. 5, 2010) (collecting cases).  "Federal courts have also found compliance times of seven and eight days not to be reasonable." Brown v. Hendler, No. 09 Civ. 4486 (RLE), 2011 U.S. Dist. LEXIS 9476, *5 (S.D.N.Y. Jan. 31, 2011) (citing Mem'l Hospice, Inc. v. Norris, No. 2:08-cv-084-B-A, 2008 U.S. Dist. LEXIS 92618, *1 (N.D. Miss. Nov. 5, 2008)); and United States v. Woods, 931 F. Supp. 433, 442 n.3 (E.D. Va. 1996).  Here, the subpoenas were dated March 11, 2016 and seek compliance on March 18, 2016. Upon information and belief, the Defendants have not been served with the subpoenas as required by Fed. R. Civ. P. 45(b)(1).[7]  Courts have found this amount of time to be unreasonable.  Therefore, UCF failed to give the Defendants a reasonable time to comply with the subpoenas, and they must be quashed.

### v. The Production Requests May Contain Information Protected by Either the Attorney-Client Privilege or Work Product Doctrine.

The Defendants have moved to quash the subpoenas to the Defendants because some of the responsive documents may be barred from production by either the attorney-client privilege or work product doctrine.  At this time, the Defendants are unable to complete a thorough and exhaustive search of their records in the short time between when they first received notice of the subpoenas and the date of the production.  Accordingly, should the motion to quash the subpoenas the Defendants be denied or modified, the Defendants reserve the right to claim documents as privileged within a "reasonable time" thereafter.  See DG Creditor Corp. v. Dabah, 151 F.3d 75, 81 (2d Cir. 1998).

---

[7] Defense counsel was e-mailed the subpoenas on March 11, 2013, seven days before production is required.

### B. There is an Additional Ground to Quash the Subpoena Addressed to Kelly

#### i. The Subpoena Addressed to Kelly was Improperly Issued from the United States District Court for the Middle District of North Carolina

Fed. R. Civ. P. 45(a)(2) provides that "[a] subpoena *must* issue from the court where the action is pending (emphasis added)". This is a rule that was put in place as part of the 2013 Amendments to the Federal Rules of Civil Procedure. "Previously, rule 45 required that different courts must issue subpoenas depending on the requested action, such as attendance at a hearing or trial, attendance at a deposition, or for production or inspection. See Fed. R. Civ. P. 45(a)(2)(A)-(C) (2012)." SEC v. Goldstone, 301 F.R.D. 593, 646 (D.N.M. 2014). See also Martensen v. Koch, 301 F.R.D. 562, 585-86 (D. Colo. 2014). Here, UCF has apparently issued the subpoena to Kelly from the United States District Court for the Middle District of North Carolina, not the United States District Court for the District of Connecticut, where the action is pending. Because the subpoena addressed to Kelly was issued from the wrong court, the subpoena is invalid and should be quashed.

### IV. CONCLUSION:

WHEREFORE, based on the foregoing, the Defendants respectfully request that the Court grant their Motion to Quash the *Subpoenas Duces Tecum* Issued to Thomas L, Kelly, Jr. and William A. Merritt, Jr.

THE DEFENDANTS,
THOMAS L. KELLY, JR. AND WILLIAM A. MERRITT, JR.


By: _____/s/_____
Charles A. Deluca, Esq. (ct05255)
Michael T. Ryan, Esq. (ct 05685)
Ryan Ryan Deluca LLP
707 Summer Street
Stamford, CT 06901
Phone: 203-357-9200
cdeluca@ryandelucalaw.com
mtryan@ryandelucalaw.com


## CERTIFICATE OF SERVICE

I hereby certify that on March 15, 2016, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.


_____/s/_____
Charles A. Deluca, Esq.